

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

Mr. Christopher M. Wolpert, Clerk
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

RE: *State of Kansas, et al. v. U.S. Department of Education, et al.*, No. 24-3097

Dear Mr. Wolpert:

On July 19, 2024, Appellants submitted a 28(j) Letter calling the Court's attention to the district court's order on their motion for a partial stay. In the letter, Appellants referred to part of the district court's order, *see* July 19, 2024, 28(j) Letter at 2, which clarified the scope of the injunction, holding that it should apply to the organizations and all of their members on a prospective basis, *see* Order on Mot. for Partial Stay at 6–7 (Dkt. 70).

While Appellants took issue with the scope of the injunction at the district court, *see* 5:24-cv-04041 Mot. for Partial Stay at 7–8 (Dkt. 59), they did not challenge it in the motion that is presently before this Court. They have only asked this Court to allow some parts of the Rule to take effect. *See* 24-3097 Mot. for Partial Stay at 10, 13, 18. Even if they had raised the issue, the Rule's severability does not depend on the scope of the injunction. *See Carlson v. Postal Regulatory Comm'n*, 938 F.3d 337, 351 (D.C. Cir. 2019) (listing severability factors).

The other stay factors are likewise unaffected. To the extent Appellants argue the scope of the injunction should be considered for irreparable harm, that is undercut by the fact that they did not challenge the scope here. So, the district court's July 19, 2024 order has no impact on the motion for a partial stay before this Court. Regardless, the district court was correct in its holding on the scope of the injunction as it was necessary to ensure that the organizational plaintiffs in this case receive appropriate relief. *see* Order on Mot. for Partial Stay at 7 (Dkt. 70) ("More generally, when a publicly-traded business or an organization obtains, or appears poised to obtain, something of value through litigation, nothing prohibits members of the general public from trying to benefit from that by investing in the company or joining the organization. Defendants have pointed to no authority to the contrary.")

Sincerely,
Abhishek S. Kambli
*Counsel for Plaintiff State of Kansas*