

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-1673

VIA CM/ECF

July 19, 2024

Mr. Christopher M. Wolpert, Clerk
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

RE: *State of Kansas et al. v. U.S. Department of Education et al.*, No. 24-3097

Dear Mr. Wolpert:

On July 16, 2024, the federal government filed in this Court a motion for a partial stay pending appeal of the district court's preliminary injunction. Stay Mot. (July 16, 2024). The government explained that it filed a motion in district court seeking the same relief on July 10, 2024, *see* Dkt. No. 59, and that the government would notify the Court if the district court acted on that request, Stay Mot. 3, n.1. The government therefore notifies this Court that this morning the district court denied the government's stay request. *See* Dkt. No. 70 (attached).

The district court did not address the government's various arguments concerning the injunction's overbreadth; instead, the court concluded that the government's interlocutory appeal deprived it of jurisdiction to rule on the stay request. Dkt. No. 70, at 5. The court's cramped view of its jurisdiction is wrong. Although "[t]he filing of a notice of appeal is an event of jurisdictional significance" in that "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), a district court retains jurisdiction to stay the effect of its order through the appeal's pendency, *see Matter of Miranne*, 852 F.2d 805, 806 (5th Cir. 1988) ("[T]he district court retained jurisdiction to grant appellant's request for a stay despite the fact that a notice of appeal to this Court was filed prior

to the request for a stay."); *see also Wyatt v. Syrian Arab Republic*, 800 F.3d 331, 341 n.4 (7th Cir. 2015) (same); *Vogt v. City of Hays* 2017 WL 1250826, at *3 (D. Kan. Apr. 5, 2017) (same).

      The district court, however, did clarify that the injunction applied to plaintiff associations' future members, including those recruited through plaintiffs' injunction-based advertisements via social media. Dkt. No. 70, at 7. As explained, the injunction's extensive geographic scope only underscores the need for this Court's immediate intervention to remedy the injunction's overbroad substantive scope. *See* Stay Mot. 20-21.

                                  Sincerely,

                                  */s/ David L. Peters*
                                  David L. Peters

cc: all counsel (by ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ David L. Peters*
David L. Peters

**Attachment**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, et al.,

        Plaintiffs,

v.                                              Case No.  24-4041-JWB

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion for a partial stay pending appeal (Doc. 59) and Plaintiff Moms for Liberty's motion to revise stay (Doc. 62).  The motions have been fully briefed and are ripe for decision.  (Docs. 63, 64, 65.)  The motions are DENIED FOR LACK OF JURISDICTION for the reasons stated herein.

**I.**        **Procedural History**

Plaintiffs filed this action against Defendant United States Department of Education ("DoE") and other federal Defendants on May 14, 2024.  (Doc. 1.)  Plaintiffs include the States of Kansas, Alaska, Utah, and Wyoming.  Plaintiffs also include K.R., a minor, and three organizations: Moms for Liberty, Young America's Foundation, and Female Athletes United (the "Plaintiff Organizations").  Plaintiffs' complaint challenges the Final Rule issued on April 29, 2024— Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33474, 33477 (Apr. 29, 2024).  In their complaint, Plaintiffs allege that the Final Rule is contrary to law, in excess of statutory jurisdiction, arbitrary and capricious, violates separation of powers principles, violates the Spending Clause, and violates the First Amendment.  Plaintiffs seek a declaratory judgment holding the Final Rule unlawful and

1

other related declaratory relief. Plaintiffs also seek a preliminary and permanent injunction prohibiting Defendants from enforcing the Final Rule, as well as a stay of the Final Rule's effective date. On May 24, Plaintiffs filed their motion for a stay/preliminary injunction. (Doc. 24.) The court held a hearing on the motion on June 20, 2024. On July 2, the court issued an order granting Plaintiffs' motion. (Doc. 53.)

As discussed more thoroughly in the court's memorandum and order, the court held that Plaintiffs were likely to succeed on a number of claims due to the Final Rule being contrary to several laws. Significantly, the Final Rule redefines sex discrimination under Title IX such that it conflicts with the plain language of Title IX. According to the Final Rule, sex discrimination includes discrimination on the basis of gender identity, sexual orientation, sex stereotypes, and sex characteristics. This court held that Plaintiffs will likely prevail on their claim that the Final Rule is contrary to Title IX and will preempt state law as it requires recipients to allow students access to private spaces, such as bathrooms and locker rooms, based on their gender identity.

The Final Rule creates a new standard of de minimis harm and a new definition of sex-based harassment. As set forth in this court's order, the definition of hostile environment harassment is vague and overbroad. (*Id.* at 31.) The court further found that the DoE acted arbitrarily and capriciously when promulgating the Final Rule because the DoE offered an implausible explanation for agency action, it is a sharp departure from prior action without a reasonable explanation, and the DoE failed to consider important interests as discussed herein. (*Id.* at 38.)

The court also held that Plaintiffs had established immediate and irreparable harm. Further, the court found that Defendants had not shown that their perceived harm outweighed Plaintiffs' harm and, further, the Title IX regulations have been largely unchanged for decades. Therefore,

2

those regulations could continue during these proceedings. In granting injunctive relief, the court enjoined Defendants from enforcing the Final Rule against the Plaintiff States, K.R.'s school, and the schools attended by the members of the Plaintiff Organizations or their minor children.

Defendants filed a notice of interlocutory appeal on July 10. Since filing the appeal, Defendants have moved for a partial stay of the preliminary injunction. Defendants request that the court stay the injunction insofar as it extends beyond the following provisions: "34 C.F.R. § 106.31(a)(2), and the hostile environment harassment definition in 34 C.F.R. § 106.2 as applied to discrimination on the basis of gender identity." (Doc. 59 at 2.) Defendants assert that they are the only provisions that Plaintiffs have shown result in their harm. Defendants also ask the court to limit the injunction to the members of Plaintiff Organizations on the date of filing or the date the injunction was entered. Plaintiffs oppose the motion. Plaintiff Moms for Liberty also moves to modify the preliminary injunction with respect to the reach of the injunction. Plaintiff Moms for Liberty asks the court to enjoin Defendants from enforcing the Final Rule in any county in which they have a member instead of limiting the relief to the schools attended by the members' minor children. Defendants oppose the motion.

**II.  Analysis**

**A.  Jurisdiction**

As noted herein, Defendants filed a notice of interlocutory appeal challenging this court's decision granting Plaintiffs' motion for a preliminary injunction. Typically, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). None of the parties addresses whether this court has jurisdiction to grant the relief that they request.

Federal Rule of Civil Procedure 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." At first glance, it would appear that the court could "modify" the preliminary injunction as the parties request. *See State of Colo. v. Idarado Min. Co.*, 916 F.2d 1486, 1490, n. 2 (10th Cir. 1990) (recognizing that Rule 62 provides the district court with authority to suspend, modify, restore, or grant an injunction pending appeal). The Rule, however, "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Although the Tenth Circuit has not directly spoken on this issue, other courts in this circuit have agreed that the scope of the rule is narrow; the court may modify the order but only to preserve the status quo. *See United States v. Power Eng'g Co.*, 10 F. Supp. 2d 1165, 1170–71 (D. Colo. 1998); *Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1091 (D.N.M. 2017). Other circuits have similarly held that Rule 62(d) is narrow. *See Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) (holding that "once the injunction has been appealed the district court lacks jurisdiction to tamper in any way with the order then on interlocutory appeal other than to issue orders designed to preserve the status quo of the case as it sat before the court of appeals.") (citing *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962); *Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135 (4th Cir. 1978)); s*ee also Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 384 (7th Cir. 2018) (Rule 62(d) "allow[s] the district court to modify an injunction to maintain the status quo pending appeal")); *Federal Rules of Civil Procedure: Rules and Commentary*, Rule 62, at 304 (2021) ("Despite the

open-ended text of Rule 62(d) it is well established that the trial court's authority under Rule 62(d) is limited. The most common construction of Rule 62(d) limits its operation to rulings designed to preserve the status quo during the pendency of the appeal.")

The relief sought by Moms for Liberty and Defendants' requested relief to stay the injunction as to all but two provisions of the Final Rule significantly changes the status quo of this matter.  Therefore, the court lacks jurisdiction to grant the requested relief.

**B.  Scope of Injunction**

Defendants also ask the court to limit the injunction to the members of Plaintiff Organizations on the date of filing or the date the injunction was entered.  Plaintiffs oppose this request.  Defendants' requested relief can be interpreted as a motion for clarification or modification regarding the scope of this court's order.  In *Arla Foods*, the Seventh Circuit held that a district court may resolve technical objections or clarify wording in the injunction and that such a ruling would aid in the appeal.  893 F.3d at 384 (citing *Dixon v. Edwards*, 290 F.3d 699, 709 n.14 (4th Cir. 2002).  Because the court's order did not specifically identify whether it applied to prospective members of the Plaintiff Organizations and it would aid the Tenth Circuit on appeal for this court to clarify its ruling, the court finds that it has jurisdiction to address this issue.  Further, the court notes that it is proper to clarify this issue because due process favors ensuring that Defendants are on notice as to what activity is covered by the scope of the injunction.  That was the reason the court ordered the Plaintiff Organizations to provide the list of schools to the court in the first place—so that Defendants are put on notice of those schools and can avoid the risk of non-compliance with the injunction.

In their motion, Defendants do not argue that this court erred in finding that the Plaintiff Organizations had standing to assert claims on behalf of their members.  In its decision, this court

5

held that based on the affidavits, the Final Rule would result in chilled speech of the members of the Plaintiff Organizations based on their beliefs. To provide relief to all Plaintiffs, the court enjoined the Final Rule from being implemented against any school attended by the members of the Plaintiff Organizations or a minor child of a member of Moms for Liberty. This court's ruling did not state that it was limited to individuals who were members of a Plaintiff Organization on a certain date. Individuals are free to join or leave an organization whenever they so choose. In support of their motion that the court must limit the scope to members as of a certain date, Defendants cite to *Arizona v. Biden*, 40 F.4th 375, 397 (6th Cir. 2022) (Sutton, C.J., concurring) and *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 547 (1974). As noted by Plaintiffs, however, those cases do not answer the question here. Defendants do not cite to any authority finding that injunctive relief cannot extend to prospective members of an organization that was granted injunctive relief.

By contrast, Plaintiffs have pointed to authority that granted injunctive relief to an organizations' members, both current and prospective. *See* Doc. 63 at 11 (citing *Franciscan All., Inc. v. Becerra*, 553 F. Supp. 3d 361, 378 (N.D. Tex. 2021); *Religious Sisters of Mercy v. Cochran*, No. 3:16-CV-00386, 2021 WL 1574628, at *2 (D.N.D. Feb. 19, 2021); and *Christian Emps. All. v. Azar*, No. 3:16-CV-309, 2019 WL 2130142, at *6–7 (D.N.D. May 15, 2019)); *see also Reaching Souls Int'l, Inc. v. Azar*, No. CIV-13-1092-D, 2018 WL 1352186, at *2 (W.D. Okla. Mar. 15, 2018); *Catholic Benefits Ass'n v. Hargan*, No. CIV-14-685-R (W.D. Okla. Mar. 7, 2018). Indeed, the Western District of Oklahoma initially limited injunctive relief to current members of the plaintiff organization in a suit challenging the contraceptive mandate. *See Cath. Benefits Ass'n LCA v. Sebelius*, 24 F. Supp. 3d 1094, 1106–07 (W.D. Okla. 2014). However, in *Hargan*, a subsequent suit seeking relief for new members of the same organization, the court extended relief

to both current and future members of certain groups of the plaintiff organization. *Azar*, 2019 WL 2130142, at *4-*5 (discussing *Hargan*). And, in a case that bears at least some resemblance to this one, *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510 (1925), private schools sought injunctive relief against enforcement of a compulsory public education statute. The Supreme Court upheld injunctive relief against the "unwarranted compulsion which [government officials] are exercising over present and *prospective* patrons of" the plaintiff schools. *Id.* at 535 (emphasis added). More generally, when a publicly-traded business or an organization obtains, or appears poised to obtain, something of value through litigation, nothing prohibits members of the general public from trying to benefit from that by investing in the company or joining the organization. Defendants have pointed to no authority to the contrary.

Based on the foregoing, along with this court's decision that the Plaintiff Organizations have standing and its ruling regarding Plaintiffs' claims on the merits, the court concludes that all of the Plaintiff Organizations' members, current and prospective, are entitled to the relief ordered in this action. The court's order regarding identification of affected schools was the first step in ensuring that Defendants have notice on that point. Supplements to the original notice may be appropriate as the case progresses.

Suffice it to say that, to the extent Defendants are concerned about the difficulties in managing patchwork enforcement in compliance with the preliminary injunction, this is a problem of DoE's own making for the multiple reasons set forth in the court's prior order. One might have expected that upending the operations of virtually every school in the nation by upsetting the decades-long understanding of important parts of Title IX, as the Final Rule does, would result in some significant difficulties for enforcement while the Final Rule undergoes judicial review. As the court suggested in its prior order, Congress has given DoE at least one tool to mitigate the

hardships that its new rule imposes on those who are subject to it while the judicial review process plays out in courts across the country. Under 5 U.S.C. § 705, Congress gave DoE the authority to postpone the effective date of the Final Rule pending judicial review. Maybe DoE should use that authority.

### III.   Conclusion

Defendants' motion for a partial stay pending appeal (Doc. 59) and Plaintiffs' motion to revise stay (Doc. 62) are DENIED FOR LACK OF JURISDICTION. The court clarifies that Defendants are enjoined from enforcing the Final Rule against Kansas, Alaska, Utah, Wyoming, K.R.'s school, the schools attended by the current and prospective members of Young America's Foundation or Female Athletes United, as well as the schools attended by the children of the current and prospective members of Moms for Liberty.

As a result of the ruling herein, Moms for Liberty is granted until July 26, 2024, to file a notice of schools attended by its members' children.

IT IS SO ORDERED. Dated this 19th day of July, 2024.

                                                      __s/ John W. Broomes_____
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE